**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **CHICAGO REGIONAL COUNCIL OF** | ) | |
| **CARPENTERS, UNITED BROTHERHOOD** | ) | |
| **CARPENTERS AND JOINERS OF** | ) | |
| **AMERICA; and EDWARD CASPER,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **Case No. 12 C 3604** |
| **v.** | ) | **Hon. George W. Lindberg** |
| | ) | |
| **BERGLUND CONSTRUCTION CO.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is defendant Berglund Construction Co.'s ("Berglund") motion to

dismiss the amended complaint ("complaint") filed by plaintiffs Chicago Regional Council of

Carpenters, United Brotherhood of Carpenters and Joiners of America ("CRCC") and Edward

Casper ("Casper") (collectively "plaintiffs"). Plaintiffs filed a four-count complaint against

Berglund alleging various violations of the Americans with Disabilities Act, 42 U.S.C. §12101,

*et seq.* ("ADA") and a violation of the Age Discrimination in Employment Act of 1967, 29

U.S.C. §621, *et seq*. ("ADEA"). In Counts I and II of the complaint, CRCC alleges that Berglund

violated and is continuing to violate the ADA by implementing pre-employment fitness-for-hire

tests and pre-employment physical/medical examinations for individuals seeking employment as

carpenters at Berglund. CRCC is seeking declaratory and equitable relief for theses alleged ADA

violations. In Counts III and IV of the complaint, Casper alleges violations of the ADA and

ADEA, respectively. Berglund moves to dismiss the complaint in its entirety pursuant to Federal

Rules of Civil Procedure ("Rules") 12(b)(1) and 12(b)(6). For the reasons set forth more fully

below, the motion to dismiss is granted in part and denied in part.

## *I. Relevant Facts*

Berglund is a construction company that employs a significant number of carpenters. CRCC is a voluntary association that represents its membership of carpenter employees in the construction industry. Casper is a member of CRCC and a former carpenter at Berglund.

This case stems from Berglund's decision in June 2010 to require all applicants for carpenter positions to undergo physical/medical examinations, including strength and agility tests, referred to as Comprehensive Employer Evaluations ("CEE"). The CEEs included, among other things, blood pressure checks, other cardiovascular and musculoskeletal examinations, vision tests, information about worker compensation injuries, and medical histories and prescription medication information. Plaintiffs claim that the CEEs are pre-offer disability-related inquires and examinations that violate the ADA and ADEA.

Casper worked as a journeyman carpenter at Berglund from approximately June 2007 until he was laid off in November 10, 2009, for economic and not performance related reasons. Casper's work at Berglund was always satisfactory and included large amounts of overtime work. During his employment at Berglund, Casper had no difficulty performing the journeyman carpentry work. In late June 2010, months after he was laid off, Casper learned that Berglund was hiring and rehiring journeyman carpenters. Thereafter, Casper applied for a journeyman carpenter position at Berglund and was informed that he would be required to undergo a pre-employment CEE. Casper was not required to undergo a CEE when Berglund hired him in 2007.

On June 28, 2010, Casper submitted to a CEE administered by Accelerated Rehab ("Accelerated"). Berglund contracted with Accelerated to act as its agent for purposes of administering CEEs to applicants for carpenter positions at Berglund. A representative of

2

Accelerated did not inform Casper of the results of his CEE while Casper was at the testing facility. Instead, when Casper returned to Berglund's offices, he was informed that he had failed the lifting portion of the CEE. Specifically, Casper was told that he had only lifted 68 pounds and that Berglund's minimum lifting requirement was 94 pounds. Casper requested another opportunity to perform the lifting portion of the CEE, but was told that he would have to wait 60 days to retake the test. Subsequently, a Berglund representative told Casper that Berglund had lowered its lifting requirement to 80 pounds to match the lifting requirements adopted by some of Berglund's competitors in the construction industry.

Based on the results of the CEE, Accelerated recommended to Berglund that Casper was not able to perform the essential functions of the journeyman carpenter position and Berglund refused to rehire Casper based on the results of the CEE.

Between June 2009 and June 2010, Berglund, through its agent Accelerated, administered CEEs to at least 83 applicants for carpenter positions at Berglund. Eight applicants failed the CEEs, and of the eight applicants who failed, six were over the age of 40, including Casper.

## II. Legal Analysis

If a Court lacks subject-matter jurisdiction over a claim, it must dismiss that claim pursuant to Rule 12(b)(1). In ruling on a Rule 12(b)(6) motion to dismiss, the court treats all well-pleaded allegations as true, and draws all reasonable factual inferences in plaintiffs' favor. *Justice v. Town of Cicero*, 577 F.3d 768, 771 (7th Cir. 2009). Under Rule 8(a), the complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." The factual allegations must be sufficient "to raise a right to relief above the speculative

level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.E.2d 929 (2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as

true, to state a claim of relief that is plausible on its face." *Ashcroft v. Iqbal*, ___ U.S. ___, ___,

129 S. Ct. 1937, 1949, 173 L.Ed.2d 929 (2009).

### A. Casper's Individual Claims (Counts III and IV)

First, the Court turns to Casper's ADA discrimination claim pursuant to 42 U.S.C. §§

12102(2)(c) and 12112(a). Under the ADA, an individual has a disability where he has "(A) a

physical or mental impairment that substantially limits one or more life activities of such

individual; (B) a record of such an impairment; or (C) [is] regarded as having such an

impairment." 42 U.S.C. §12102(1). The ADA seeks to define the disability of an individual

broadly. 42 U.S.C. §12102(4)(1)(A). The ADA defines major life activities as including, but not

limited to,: "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping,

walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating,

thinking, communicating, and working." 42 U.S.C. §12102(2)(A)(1). However, "[a]

demonstrated inability to perform a single, particular job does not render an individual

substantially limited in the major life activity of working." *Squibb v. Mem'l Med. Ctr.*, 497 F.3d

775, 782 (7th Cir. 2007).

Drawing all inferences in Casper's favor, he has not plausibly alleged a physical or

mental impairment that substantially limits one or more of his life activities. In fact, Casper

affirmatively states in the complaint that he is and always was capable of fulfilling all of

Berglund's legitimate employment expectations for a carpenter position. The only "impairment"

Casper has alleged in the complaint is a limit on his ability to lift more than 68 pounds. The

inability to lift more than 68 pounds does not qualify someone as disabled or "regarded as" disabled under the ADA. *See Serednyj v. Beverly Healthcare*, LLC, 656 F.3d 540, 555 (7th Cir. 2011) ("the inability to do heavy lifting is not a substantial limitation as compared to the average person"). Accordingly,  Berglund's motion to dismiss is granted as to Casper's alleged claim for a violation of the ADA in Count III of the complaint.

Next, Berglund argues that Casper failed to adequately allege a disparate impact discrimination claim under the ADEA. The Court disagrees. Casper has alleged that he is a member of a protected class, namely workers over the age of 40, and that Berglund's CEE requirement had an impermissible impact on carpenter applicants over the age of 40. *See Greater Indianapolis Chapter of NAACP, et al. v. Ballard, et al.*, 741 F.Supp.2d 925, 942 (S.D.Ind. 2010). Specifically, Casper alleged that of the eight carpenter applicants at Berglund who failed their CEEs between June 2009 and June 2010, six of those eight were over the age of 40. Accordingly, Berglund's motion to dismiss is denied as to Casper's ADEA claim in Count IV of the complaint.

### B. CRCC's Claims for Alleged Violations of the ADA (Count I and II)

Now, the Court turns to CRCC's claims. CRCC's claim for an alleged violation of the ADA in Count I is premised on the allegation that Berglund discriminated against Casper based on either an actual or perceived disability. In order for CRCC to allege a valid claim under 42 U.S.C. §12112(b)(6), it must plausibly plead that one of its members is disabled under the ADA and was damaged by Berglund's conduct. *See Disability Rights Wis., Inc. v. Walworth County Bd. Of Supervisors*, 522 F.3d 796, 802 (7th Cir. 2008). Casper is the only individual CRCC member alleged to have been disabled in the complaint. However, as stated above, Casper has

not alleged an actual or perceived disability under the ADA. Therefore, based on the allegations in the complaint, CRCC lacks associational standing to assert an ADA violation of behalf Casper or any of its other members pursuant to 42 U.S.C. §12112(b)(6). Accordingly, Berglund's motion to dismiss is granted as to Count I.

Finally, Berglund's motion to dismiss is denied as to CRCC's alleged violation of the ADA pursuant to 42 U.S.C. §12112(d). In Count II of the complaint, CRCC alleges that Berglund's CEE testing of carpenter applicants constitutes a prohibited preemployment medical examination. Berglund disagrees, arguing that the CEEs are permissible post-offer examinations under §12112(d)(3). Whether the CEEs are preemployment or post-offer examinations is a factual question that is not appropriately resolved at this early stage in the proceeding. Accordingly, Berglund's motion to dismiss is denied as to Count II.

*III. Conclusion*

In conclusion, Berglund's motion to dismiss is granted as to Counts I and III and denied as to Counts II and IV of the complaint. Berglund's answer to Counts II and IV of the complaint is due 8/7/12.

**ORDERED:** Defendant's motion to dismiss complaint pursuant to Rule 12(b) [15] is granted in part and denied in part. Counts I and III of the complaint are dismissed. Defendant's answer to Counts II and IV of the complaint is due 8/7/12. Initial status hearing set for 8/22/12 at 10:00 a.m. is stricken and reset to 8/8/12 at 10:00 a.m.

**ENTERED**:_____

George W. Lindberg
Senior U.S. District Court Judge

Dated: July 24, 2012

6