**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CHICAGO REGIONAL COUNCIL OF CARPENTERS, UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA and EDWARD CASPER, | ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 12 C 3604 |
| Plaintiffs, | | Judge Ronald A. Guzmán |
| v. | | |
| BERGLUND CONSTRUCTION CO., | | |
| Defendant. | | |

**ORDER**

Defendant Berglund is a Chicago-based construction company that employs carpenters represented by plaintiff Chicago Regional Council of Carpenters ("the Union"), like plaintiff Edward Casper. (Pls.' LR 56.1(b)(3)(B) Stmt. ¶ 3; Pls.' LR 56.1(a) Stmt. ¶ 1.) Casper worked for defendant from 2007 until November 2009, when he was laid off for lack of work. (Pls.' LR 56.1(a) Stmt. ¶¶ 1-2; Pls.' LR 56.1(b)(3)(B) Stmt. ¶ 34.) In June 2010, one of Berglund's managers asked Casper if he wanted to return to work. (Pls.' LR 56.1(b)(3)(B) Stmt. ¶ 38.) Casper said he did, and was told to go to Accelerated Rehabilitation Center to take a test and then to report to defendant's office. (Def.'s LR 56.1(a) Stmt., Ex. 9, Casper Dep. at 34-35; Pls.' LR 56.1(a) Stmt. ¶ 3.)

On June 28, 2010, Casper went to Accelerated, filled out some paperwork and was given a drug test. (Pls.' LR 56.1(a) Stmt. ¶ 6.) He was then examined by Paul Sullivan, a physical therapist, and Brian Conroy, an athletic trainer, who tested, among others things, Casper's lifting ability. (*Id.* ¶¶ 7-13.) To "pass" the lifting portion of the test, Casper had to lift ninety-four pounds safely. (*See*

Def.'s LR 56.1(a) Stmt., Ex. 8, Carpenter Job Specific Task List at Berglund 000011.) Sullivan concluded that the maximum amount of weight Casper could safely lift was sixty-eight pounds. (Def.'s LR 56.1(B)(3)(C) Stmt., Ex. 1, Sullivan Dep. Feb. 25, 2013 at 120-21.) Because he had not passed the test, defendant refused to hire Casper. This suit followed.

The parties have filed cross-motions for summary judgment on Counts II and IV, the only claims that remain in this suit. In these counts, the Union and Casper, respectively, allege that Berglund's preemployment medical exam has a disparate impact on disabled and older employees in violation of the Americans with Disabilities Act ("ADA") and the Age Discrimination in Employment Act ("ADEA"). *See* 42 U.S.C. § 12112(d) (prohibiting employers from conducting pre-employment offer medical tests)[1]; 29 U.S.C. § 623 (prohibiting employers from "refus[ing] to hire or . . . otherwise discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age"). To prevail on these claims, plaintiffs must first "establish that a particular employment practice causes a disparate impact on a member of a protected class" by "offering statistical evidence of a kind and degree sufficient to show that the [contested] practice . . . has caused the exclusion of applicants for jobs . . .because of their membership in a protected group." *Puffer v. Allstate Ins. Co.*, 675 F.3d 709, 717 (7th Cir. 2012) (quotations, alterations and citations omitted).

---

[1]Though Casper did not assert a claim under § 12112(d) (*see* Am. Compl.), he would have had standing to do so, and thus so does the Union. *See Milwaukee Police Ass'n Bd. v. Fire & Police Cmr's of City of Milwaukee*, 708 F.3d 921, 930 (7th Cir. 2013) (stating that an association's standing is derivative of that of its members); *O'Neal v. City of New Albany*, 293 F.3d 998, 1007-08 (7th Cir. 2002) (assuming, based on decision from other circuits, that a non-disabled plaintiff can sue under § 12112(d)).

Plaintiffs assert that "[a] test requiring individuals to lift ninety-four (94) pounds of weight presumptively has a disparate impact on those who are physically disabled and/or on older individuals." (Mem. Law Supp. Pls.' Mot. Summ. J. at 8.) However, they offer no authority for the notion that disparate impact can be presumed and no evidence that suggests, let alone establishes, that Berglund's medical exam disproportionately impacts employees who are disabled or more than forty years old. Thus, defendants are entitled to judgment as a matter of law on plaintiffs' claims.

## Conclusion

For the reasons set forth above, the Court denies plaintiffs' motion for summary judgment [64], grants defendant's motion for summary judgment [59] and terminates this case.

**SO ORDERED.**                **ENTERED: September 13, 2013**

_____
**HON. RONALD A. GUZMAN**
**United States District Judge**

3